**SIGNED this 08th day of August, 2008.**

_____
**CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE**

_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SAVE OUR SPRINGS (S.O.S.) ALLIANCE, | § | CASE NO. 07-10642-CAG |
| INC., | § | |
| Debtor. | § | Chapter 11 |

**MEMORANDUM OPINION
REGARDING DEBTOR'S AMENDED MOTION
TO DETERMINE THAT DEBTOR IS NOT A "SMALL BUSINESS DEBTOR"
AND REGARDING SWEETWATER'S MOTION TO DISMISS CASE**

On July 24, 2008, came on for hearing (1) the Amended Motion, filed by the above-named Debtor, to Determine That Debtor Is Not a "Small Business Debtor" as Defined in 11 U.S.C. § 101(5D) and That This Case Is Not a "Small Business Case" as Defined in 11 § 101(5D) (the "Motion Regarding Small Business Status"), and (2) the Response in Opposition thereto filed on behalf of Sweetwater Austin Properties, LLC ("Sweetwater"), a creditor and party in interest herein, as well as (3) Sweetwater's Motion to Dismiss Case (the "Motion to Dismiss)," and (4) the Debtor's Response in Opposition thereto.

At the hearing, counsel for the Debtor indicated that most of the pertinent facts as stated in Sweetwater's Request That Court Take Judicial Notice of Certain Facts at Hearing on Motion to Dismiss ("Request for Judicial Notice") were not disputed. Two of those, # 21, that the Debtor had not filed a response to the Motion to Dismiss, and # 23, that the Debtor had not filed any pleading to change its small business debtor election, were agreed by the parties to no longer be true, because by the time of the hearing the Debtor had filed a response to the Motion to Dismiss and had filed its Amended Petition changing its small business debtor designation and its Motion Regarding Small Business Status. The Debtor did not stipulate to another three of the items listed in the Request for Judicial Notice: # 27, that the Debtor did not confirm a plan of reorganization within the time limits established by 11 U.S.C. § 1129(e) and 11 U.S.C. § 1121(e)(2); # 28, that the Debtor has not requested any extension of the 300-day time limit under § 1121(e)(2) for filing a plan, and # 29, that the Debtor's request for an extension of § 1129(e)'s 45-day time limit for obtaining confirmation of its First Amended Plan was denied in part, so that the deadline has expired. The first and last of these three the Court has previously found in its Memorandum Opinion on Confirmation of Debtor's First Amended Plan and Related Matters. *See* docket entry # 132. The second of these–that the Debtor has not requested any extension of the 300-day time limit for a small business debtor to confirm a plan–is clear on the face of the record in the case and the Court therefore now expressly finds that as well. Accordingly, for purposes of this Memorandum Opinion and its Orders on the Motion Regarding Small Business Status and the Motion to Dismiss, this Court adopts and incorporates herein the facts stated in the Request for Judicial Notice, except # 21 and # 23, which it finds should be modified as stated above and hereby adopts as so modified.

In the Motion to Dismiss, Sweetwater seeks dismissal of this Chapter 11 case on several grounds: (1) that the Debtor failed to meet the deadlines set forth in 11 U.S.C. §§ 1121(e)(2) and 1129(e) for obtaining confirmation of a plan of reorganization; (2) that there exists a diminution of

2

the estate and an absence of a reasonable likelihood of rehabilitation; and (3) that there exists gross mismanagement of the estate. Sweetwater at the hearing did not urge its third ground and because, as discussed below, the Court finds that the Debtor's Motion Regarding Small Business Status should be denied and the case should be dismissed based on the first of Sweetwater's grounds, the Court need not, and does not, reach Sweetwater's second grounds for dismissal.

With respect to the Motion Regarding Small Business Status, the Debtor argued that its amendment on July 15, 2008, of its Original Petition in this case, which withdrew its original statement that it was a small business debtor, should be recognized so that it is conclusively deemed to control the Debtor's status in this case, from the petition date, as a debtor that is not a "small business debtor" as defined by the Bankruptcy Code. *See* 11 U.S.C. § 101(51D). Further, the Debtor argued that the evidence shows that, in fact, it is not and never has been a "small business debtor." It follows, the Debtor argued, that the small business case deadlines in §§ 1121(e)(2) and 1129(e) for confirming a plan do not apply to it, and are not grounds for dismissal of this case.

"Under the Code, as amended in 2005, there are no longer any provisions permitting or requiring a small business debtor to elect to be treated as a small business." Advisory Committee Notes to 2008 Amendments to Fed.R.Bankr.P. 1020. However, the current form of Bankruptcy Rule 1020 *does* set a deadline for the debtor to make such an election. *See* Fed.R.Bankr.P. 1020 ("In a chapter 11 reorganization case, a debtor that is a small business may elect to be considered a small business by filing a written statement of election not later than 60 days after the date of the order for relief."). The Local Rules for the Bankruptcy Court for the Western District of Texas, as well as the proposed new Federal Rules of Bankruptcy Procedure, speak in terms of the debtor making a

"statement" that it is or is not a small business debtor. In particular, Local Rule 1020, effective October 17, 2005, provides in pertinent part:[1]

> (a) SMALL BUSINESS DEBTOR DESIGNATION. In a voluntary chapter 11 case, the debtor shall state in the petition whether the debtor is a small business debtor. . . . [T]he status of the case with respect to whether it is a small business case shall be in accordance with the debtor's statement under this subdivision, unless and until the court enters an order finding that the debtor's statement is incorrect.
> (b) OBJECTING TO DESIGNATION. . . . [T]he United States trustee or a party in interest may file an objection to the debtor's statement under subdivision (a) not later than 30 days after the conclusion of the meeting of creditors under § 341(a) of the Code, or within 30 days after any amendment to the statement, whichever is later.
>
> \* \* \*
>
> (d) PROCEDURE FOR OBJECTION OR DETERMINATION. Any objection or request for a determination under this rule shall be governed by Rule 9014 and served on the debtor, the debtor's attorney, the United States trustee, the trustee, any committee appointed under § 1102, on the creditors included on the list filed under Rule 1007(d), and on such other entities as the court may direct.

Thus, the Local Rule appears to contemplate amendments to a debtor's original designation as a small business debtor. The Court assumes, without deciding, that neither current FRBP 1020's 60-day deadline for filing an original election, nor L.R. 1020's requirement that the original petition include the statement regarding small business debtor status, operates as a *per se* prohibition to the debtor's later amendment (subject to objection) of its small business debtor status, in light of a debtor's general right to amend a petition. *See* Fed.R.Bankr.P. 1009(a) ("A voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed.").

It is true that the Fifth Circuit Court of Appeals has adopted the Eleventh Circuit's liberal approach to applying Rule 1009, stating that "a court may deny leave to amend [only] if there is a showing of the debtor's bad faith or of prejudice to the creditors." ***Stinson v. Williamson (In re***

---

[1] Proposed Federal Rule of Bankruptcy Procedure 1020 (not applicable to this case because not effective until December 1, 2008, assuming no contrary Congressional action) is identical to the Local Rule with respect to the quoted provisions.

*Williamson), 804 F.2d 1355, 1358 (5th Cir. 1986). The issue in this case is not so much whether the Debtor should be permitted to file its amendment (it has done so, there being no requirement that it obtain leave to amend), but whether it should be given effect in light of Sweetwater's objection. In *Lowe v. Sandoval (In re Sandoval)*, 103 F.3d 20, 22 (5th Cir. 1997), the Fifth Circuit Court of Appeals acknowledged the liberal approach to amendments would allow the debtors to amend their exemptions, but noted that "allowing an amendment claiming an exemption is different from allowing the exemption itself," and went on to disallow the exemption. Rule 1020 expressly provides that "the status of the case with respect to whether it is a small business case shall be in accordance with the debtor's statement . . ., *unless and until the court enters an order finding that the debtor's statement is incorrect.*" Local Rule 1020(a). For the reasons stated below, the Court finds that the Debtor's statement in its Amended Petition that it is not a small business debtor is incorrect because the Debtor is judicially, as well as equitably, estopped from denying that it is a small business debtor as it originally claimed in this case.

## JUDICIAL ESTOPPEL

Because judicial estoppel arises in the context of a bankruptcy case and involves positions taken by a debtor with respect to its duties under the Bankruptcy Code, the federal common law of judicial estoppel applies. **Browning Mfg. v. Mims (In re Coastal Plains, Inc.),** 179 F.3d 197, 205 (5th Cir. 1999) ("Because judicial estoppel was raised in the context of a bankruptcy case, involving [the debtor's] express duty under the Bankruptcy Code to disclose its assets, we apply federal law."), *cert. denied sub nom.* **Mims v. Browning Mfg.**, 528 U.S. 1117 (2000); **Superior Crewboats, Inc. v. Primary P&I Underwriters (In re Superior Crewboats, Inc.)**, 374 F.3d 330, 334 (5th Cir. 2004) ("Judicial estoppel is a common law doctrine . . .."). Thus, this Court's analysis starts with the recent discussion of the doctrine by the Fifth Circuit Court of Appeals' in **Kane v. National Union Fire Insurance Company**:

5

> Judicial estoppel is a common law doctrine that prevents a party from assuming inconsistent positions in litigation. . . . The purpose of the doctrine is to protect the integrity of the judicial process by preventing parties from playing fast and loose with the courts to suit the exigencies of self interest. . . . As an equitable doctrine, [g]enerally, judicial estoppel is invoked where intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice. . . .
> We have recognized three particular requirements that must be met in order for judicial estoppel to operate: (1) the party is judicially estopped only if its position is clearly inconsistent with the previous one; (2) the court must have accepted the previous position; and (3) the non-disclosure must not have been inadvertent. . . . In the context of judicial estoppel, "inadvertence" requires either that the debtor . . . lacks knowledge of the undisclosed claim[ ] or has no motive for [its] concealment. . . . In this circuit, we have applied judicial estoppel to bar an unscheduled claim when others, the debtors or other insiders, would benefit to the detriment of creditors if the claim were permitted to proceed. . . .

*Kane v. Nat'l Union Fire Ins. Co.*, No. 07-30611, 2008 WL 2721157, *3 (5th Cir. July 14, 2008) (internal quotations and citations omitted).[2] In *Kane*, the Court found that the claim that the debtors were seeking to assert was not in fact theirs, but rather belonged to the trustee. It also found that the equities weighed in favor of allowing the trustee to pursue the claim because of the harm the creditors would suffer if the trustee were judicially estopped by the debtor's failure to list the claim as an asset in their bankruptcy case. Based on those two findings, the Court reversed the summary judgment on the grounds that the debtors/plaintiffs should be judicially estopped from bringing the suit.

This Court finds that the requirements for the application of the judicial estoppel doctrine are satisfied in this case. Moreover, the Court believes that the equities weigh heavily in favor of

---

[2] Although generally applied when a party attempts to assert a position in one suit that is contrary to the position it took in a prior, separate suit, judicial estoppel can also apply in the context of a single proceeding, as in this case. *See* **Zedner v. United States,** 547 U.S. 489 (2006) (noting that "judicial estoppel . . . 'generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase'" and quoting **Pegram v. Herdrich**, 530 U.S. 211, 227, n.8 (2000)).

determining that the Debtor is estopped from denying that it is a small business debtor as it originally claimed in this case.

First, the Debtor's position is clearly inconsistent with its previous one. In its original Voluntary Petition filed on April 10, 2007, the Debtor checked the box asserting that "Debtor is a small business debtor as defined by 11 U.S.C. § 101(51D)." In its Amended Petition filed July 15, 2008, that box is not checked. The Debtor expressly argued on the record at the hearing on the Motion to Dismiss that it is not a small business debtor and presented evidence in support of that argument.

Second, the Court accepted the Debtor's original position that it is a small business debtor. The Court approved the Debtor's First Amended Plan Combined with Disclosures for a Small Business Case Pursuant to 11 U.S.C. § 1125(f) as containing adequate disclosures for purposes of § 1125. Section § 1125(f), which allows a court to "determine that the plan itself provides adequate information and that a separate disclosure statement is not necessary" applies *only* in small business cases. It was *only* because of the Debtor's representation in its Original Petition that it was a small business debtor that the Court was able to approve the disclosures in this case.

In addition, it was *only* because of the Debtor's representation that it was a small business debtor that the Court expedited the hearings on both approval of the disclosures and confirmation of its First Amended Plan. Specifically, the Court granted the Debtor's Motion to Expedite the hearing to approve its disclosures because the Court found good cause in the Debtor's stated reason for requesting that relief, to-wit:

> [b]ecause of the time constraints imposed by 11 U.S.C. § 1129(e)–which requires the Court to conduct a hearing on the confirmation of a plan in a small business case within forty-five days after the plan is filed–it is imperative that the confirmation hearing in this case be held no later than the week of October 29, 2007. In order to provide the required 25 days' notice to creditors of the hearing on confirmation of the Plan in this case, it is imperative that the Debtor's disclosures be approved by the Court . . . no later than October 4, 2007.

7

*See* docket entry # 41, granting docket entry # 40. Further, the Agreed Order that the Debtor and Sweetwater submitted on approval of the Debtor's disclosures expressly provides that:

> [t]he Court further finds that in light of the time constraints imposed upon the Court in small business cases by the provisions of 11 U.S.C. §§ 1121(e) and 1129(e), it is appropriate in this case to shorten the usual 25-day notice to creditors, required by Fed. R. Bankr. P. 2002(b), of the times fixed for filing objections and the hearing on confirmation of the Debtors First Amended Plan.

Moreover, virtually *every* action taken by the Court in this case since the Plan was filed has been on an expedited basis, driven by the expedited schedule for plan confirmation provided under the Bankruptcy Code for small business debtors. For example, in its Request for Expedited Hearing on Debtor's Application to Employ Special Counsel to Represent the Debtor in Certain State Court Litigation, the Debtor expressly represented as the reason expedited treatment was necessary that "[t]his is a small business case and the hearing on confirmation of the Debtor's Plan will take place in approximately one month." *See* docket entry # 45, pp. 1-2, ¶ 3. To date, because of the statutorily-mandated small business confirmation schedule, the Court has granted the Debtor's and other parties' requests for expedited hearings on:

(1) approval of its Disclosure Statement [*see* docket entry # 41],

(2) the Debtor's Application to Employ Special Counsel for State Court Litigation [*see* docket entry # 46],

(3) the Debtor's Motion to Designate Sweetwater Austin Properties, LLC, and Related Entities, Pursuant to 11 U.S.C. Section 1126(e) [*see* docket entry # 80],

(4) Debtor's Motion to Extend Time to Confirm Debtor's First Amended Plan of Reorganization, Pursuant to 11 U.S.C. Sections 1121(e)(3) and 1129(e) [*see* docket entry # 81],

(5) the Joint Motion to Approve Compromise under Rule 9019 filed by the Debtor and creditor, Mak Foster Ranch, LP [*see* docket entry # 82],

(6) Sweetwater's Motion for Temporary Allowance of Claim Pursuant to Rule 3018(a) [*see* docket entry # 88],

(7) the Motion For Temporary Allowance of Claim Pursuant to Rule 3018(a) filed by Mak Foster Ranch, LP [*see* docket entry # 83],

(8) the Joint Motion to Approve Compromise under Rule 9019 filed by the Debtor and creditor, Cypress Hays L.P. [*see* docket entry # 84], and

(9) the Joint Motion to Conform Temporary Allowance of Claim to Approved Settlement filed by the Debtor and Mak Foster Ranch, LP [*see* docket entry # 103].

The Debtor even requested expedited treatment of this Motion Regarding Small Business Status, having waited until two days before the hearing on Sweetwater's Motion to Dismiss to amend its Petition in an attempt to eliminate the small business debtor grounds for dismissal. *See* docket entry # 174.

Finally, a significant amount of the Court's time and attention at the confirmation hearing, and a large portion of its Memorandum Opinion in support of the order denying confirmation, were devoted to resolving the issues raised *only* by the Debtor's assertion of small business debtor status. That order has been appealed, and one of the issues the Debtor has raised on appeal is whether this Court erred in refusing to extend the deadline under 11 U.S.C. § 1129(e) for a small business debtor to obtain confirmation. *See* docket entry # 173, Appellant's Designation of the Items to Be Included in the Record on Appeal and Statement of the Issues to Be Presented On Appeal, p. 2. Sweetwater too has raised issues on appeal that are dependent on the Debtor's original assertion of small business debtor status and application of the small business case deadlines. *See* docket entry # 180, Appellee/Cross-Appellant's Designation of Additional Items to Be Included in the Record on Appeal and Statement of Issues to Be Presented on Cross-Appeal, p. 1 (listing as an issue on appeal "[w]hether the Court erred in providing interim relief that allowed Debtor to avoid the proof requirements of 11 U.S.C. § 1121(e) and 11 U.S.C. § 1129(e) and conducted a full scale impermissible confirmation hearing"). Thus, not only this Court, but also the appellate Court, must

9

accept the Debtor's original position that it is a small business debtor in order to resolve the issues before it.

At the hearing on the Debtor's Motion Regarding Small Business Status its counsel argued that it had never benefitted from having made the small business debtor election and therefore should not be prohibited from changing positions. First, the Court disagrees with the Debtor's assertion that it has not "benefitted" from its original position that it is a small business debtor. As detailed above, the Debtor *did* on numerous occasions obtain relief from this Court that was based on its claimed status as a small business debtor. The Court also expressly accepted the Debtor's position that it was a small business debtor when it considered and rejected Sweetwater's arguments that the First Amended Plan could not be confirmed because the Debtor failed to meet the deadline for a small business debtor to obtain confirmation. Based on these facts, this Court finds that the Debtor did "benefit" from asserting its original position as a small business debtor, even though it may not have ultimately prevailed and obtained confirmation of its Plan[3] because of issues not related to its claimed small business debtor status.

Moreover, whether or not the Debtor is considered to have failed to prevail on the merits because of this Court's denial of confirmation is not determinative of whether it should be judicially estopped from denying at this point that it is a small business debtor. That is because

> the "judicial acceptance" requirement "does not mean that the party against whom the judicial estoppel doctrine is to be invoked must have prevailed on the merits. Rather, judicial acceptance means only that the first court has adopted the position urged by the party, either as a preliminary matter or as part of a final disposition."

---

[3] In fact, no "ultimate" decision regarding confirmation has yet been made, in light of the appeal of this Court's order denying confirmation.

10

*Coastal Plains,* 179 F.3d at 206 (quoting, with approval, ***Reynolds v. Comm'r***, 861 F.2d 469, 473 (6th Cir. 1988)). The Court finds that, under the facts of this case, the Debtor has obtained acceptance by this Court of its position as a small business debtor.

The third and final requirement for applying judicial estoppel is also applicable in this case. The Court finds that the Debtor's assertion of its original position that it was a small business debtor was anything but inadvertent. As outlined above, the Debtor on numerous occasions relied on its election as a small business debtor, and the treatment the Bankruptcy Code affords (and requires of) a small business debtor, to request expedited treatment of matters. For example, cognizant of the impending deadline for obtaining confirmation that applies only to small business debtors, the Debtor filed its Motion to Extend Time to Confirm Debtor's First Amended Plan of Reorganization. At the commencement of the hearing on that Motion and on confirmation, Debtor's counsel argued specifically and at length for entry of an order from the Court extending the time for the Debtor, as a small business debtor, to obtain confirmation. In sum, all of the Debtor's actions indicate its having chosen small business debtor status at the commencement of the case was conscious and intentional and not inadvertent.

Debtor in its Motion Regarding Small Business Status asserts that its election was "erroneous, based upon the law and the specific facts of this case," and that therefore the Court should permit its amendment to reflect the Debtor's actual status. The "truth" or "error" of whether the Debtor is, in fact and in law, a small business debtor is not material to a determination of the question of whether it should be judicially estopped from switching positions at this point, however. Indeed, if the original position having been erroneous somehow excuses it, or establishes or can be substituted for "inadvertence," such an exception would swallow the entire doctrine of judicial estoppel. That is because, in every case in which a court is asked to apply judicial estoppel, there are by definition two contrary positions, of which only one can be valid or "true." It only makes

11

sense that the first position taken would be the one claimed to be the "erroneous" one that should be changed to the "correct" one.

Moreover, '[m]istake or inadvertence is an applicable defense to judicial estoppel if the offending party did not have the relevant correct information at its disposal to begin with." ***Engines Southwest, Inc. v. Kohler Co.***, 263 Fed.Appx. 411, 413 (5th Cir. 2008) (citing ***New Hampshire v. Maine***, 532 U.S. 742, 753-54 (2001), which held that judicial estoppel was applicable where a party asserted inadvertence or mistake but had at the beginning the opportunity to ascertain the correct information). Here, the Debtor was in a unique position to know all the facts relevant to its own status as a small business debtor, or not.

"Another consideration [in whether there is mistake or inadvertence] is whether the offending party had a motive to conceal the truth to begin with." ***Engines Southwest,*** 263 Fed.Appx. at 413 (citing ***Superior Crewboats***, 374 F.3d at 335). Here, the Debtor obtained all the advantages, in terms of expedited prosecution of its Chapter 11 case, of being a small business debtor. The Court can infer that it had a motive to obtain those advantages when it claimed that status. The Court therefore finds that the Debtor's having originally made that claim was not inadvertent.

In addition to the foregoing findings, this Court notes that judicial estoppel is an equitable doctrine, and so considers the equities in this case. ***Kane***, No. 07-30611, 2008 WL 2721157, *3 ("As an equitable doctrine, judicial estoppel is generally invoked where intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice."). Given the magnitude of the delay in the Debtor's attempt to change its small business debtor status (at the beginning of the confirmation hearing in November of 2007, its counsel remarked that its original election may have been in error) and the current procedural stance of the case (a plan proposed, confirmation denied after a lengthy trial, and order on appeal), the

12

Court finds that the equities clearly weigh against the Debtor here. *Compare* ***Engines Southwest,*** 263 Fed.Appx. 411 (Facts that party waited two and one-half years after filing suit and several months after obtaining summary judgment to substitute another as real party in interest, and delayed notifying the district court of its desire to substitute even after it determined that substitution was necessary, were evidence that party's original position, which it advanced at the summary judgment stage and which the district court accepted, did not result from inadvertence or mistake.).

Based on the foregoing, the Court rejects the Debtor's argument that it should not be judicially estopped because its election as a small business debtor was erroneous, and finds that such election, however "erroneous" it might have been, was not inadvertent.

Finally, because courts have considered an additional factor in deciding whether to judicially estop a party, this Court will also look at "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." ***Peoples State Bank v. Gen. Elec. Capital Corp.* (*In re Ark-La-Tex Timber Co., Inc.*)**, 482 F.3d 319, 332 (5th Cir. 2007) (quoting ***New Hampshire v. Maine***, 532 U.S. 742, 750-51 (2001)); *cf.* ***Coastal Plains,*** 179 F.3d at 197 ("Because the doctrine is intended to protect the judicial system, rather than the litigants, detrimental reliance by the opponent of the party against whom the doctrine is applied is not necessary.") (citing ***In re Cassidy***, 892 F.2d 637, 641 & n.2 (7th Cir.), *cert. denied,* 498 U.S. 812 (1990)).

In this case, Sweetwater was subjected to an expedited schedule on virtually every matter it objected to, because of the Court's treatment of the case as a small business case based on the Debtor's election. A number of issues, such as whether the Debtor met the deadline for obtaining confirmation of a plan, were briefed and argued by Sweetwater that would not have been but for the Debtor's original election as a small business debtor. Sweetwater's counsel testified she estimated that it had incurred $10,000 in fees in connection with issues and matters that were affected or

13

caused by the Debtor's assertion of small business debtor status. Several of those are now issues in the appeals of the order denying confirmation, requiring more briefing, argument and the incurrence of still more attorneys fees by Sweetwater. If the Debtor is allowed to change its position at this point of the case, Sweetwater will be addressing issues relevant only to a small business debtor (in the appeal), while at the same time (and at the last minute) being precluded from arguing another issue (dismissal for failure to meet the deadline for obtaining confirmation) that is also applicable in a case involving a small business debtor. Such a situation bestows an unfair advantage on the Debtor, and imposes an unfair harm on Sweetwater, in addition to threatening "the integrity of the judicial process and presenting an unfair and manipulative use of the court system," and posing a "risk of inconsistent court determinations." *Coastal Plains,* 179 F.3d at 205 n.2 (quoting *United States v. McCaskey*, 9 F.3d 368, 379 (5th Cir. 1993), *cert. denied,* 511 U.S. 1042 (1994)); *New Hampshire v. Maine*, 532 U.S. 742, 755 (2001).

## EQUITABLE ESTOPPEL

Consideration of the effect of a party's change in position on opposing parties raises the issue of equitable, in addition to judicial, estoppel. "It is a well-established rule of equity that one who by his conduct has induced another to act in a particular manner should not be permitted to adopt an inconsistent position and thereby cause loss or injury to the other." *Moreau v. Oppenheim*, 663 F.2d 1300, 1309 (5th Cir. 1981), *cert. denied sub nom., Oppenheim v. Moreau*, 458 U.S. 1107 (1982). In light of the Court's findings herein regarding the reliance by and prejudice to Sweetwater, the Court finds that the Debtor is not only judicially estopped, but also equitably estopped from changing its position on its small business debtor status.

## AMENDMENT UNDER RULES 1009 AND 1020

Further in the alternative, the Court finds that the Debtor's amendment of its Original Petition in this case to change its small business debtor election should not be allowed to stand.

14

"Rule 1009(a) . . . prohibit[s] courts from denying the debtor's request to amend in a voluntary bankruptcy case, unless a creditor demonstrates the debtor's bad faith or prejudice to creditors." *Sandoval*, 103 F.3d at 22 (citing **Williamson**, 804 F.2d at 1358). While the Court finds no evidence that the Debtor has acted in bad faith, for the reasons stated above it does find that the Debtor's creditor, Sweetwater, will be prejudiced by the amendment. The Court therefore finds that the Debtor's Amended Petition should be stricken.

## CONCLUSION

Based on all the foregoing, the Court finds that the Debtor is a small business debtor, being judicially and equitably estopped at this stage of the case from changing that position. Alternatively, the Court finds that the Debtor's Amended Petition should be stricken. Accordingly, orders will be entered determining the Debtor to be a small business debtor and striking its amendment of its Original Petition to change its small business debtor status.[4] In addition, the Court will enter an order granting Sweetwater's Motion to Dismiss based on its failure, as a small business debtor, to timely obtain confirmation of a plan.

# # #

---

[4] The Court expresses no opinion at this point in the proceedings as to whether, in the event the appellate court affirms this Court's denial of confirmation, the Debtor would be precluded by such orders from amending its Petition or filing a new petition in another case claiming it was not a small business debtor.